# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 01-31173
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON QUINONES,

Defendant-

Appellant.

---

--------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-336-ALL-N
--------------------------------------------------------
June 25, 2002

Before JOLLY, SMITH AND STEWART, Circuit Judges

PER CURIAM:[*]

Jon Quinones appeals two of his sentences following his guilty-plea convictions for various

drug-distribution offenses. He argues that the district court clearly erred in its Count 3 drug-quantity

determination when it accepted the government expert's testimony that evaporation caused the

weight of the cocaine base to decrease over time in lieu of the defense expert's testimony that such

evaporation was inconceivable. The district court's drug-quantity determination, however, was

plausible in light of the record viewed as a whole and therefore was not clearly erroneous. See United

States v. Dean, 59 F.3d 1479, 1494-95, 1495 n.28 (5th Cir. 1995); see also Anderson v. City of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bessemer City, N.C., 470 U.S. 564, 574 (1985)(stating that when there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous)

Quinones also argues in his supplemental brief that the district court likely made a typographical error in sentencing him because his 262-month sentence on Count 2 exceeded the 240-month statutory maximum. The Government agrees that the district court likely made a typographical error. Because the district court's oral pronouncement of sentence is the same as the sentence reflected in its written judgment, the error is more in the nature of one under Apprendi v. New Jersey, 530 U.S. 466 (2000). Nevertheless, because resentencing on Count 2 would not change his aggregate sentence, Quinones has not shown that there is plain error associated with his Count 2 sentence. See United States v. Meshack, 225 F.3d 556, 577-78 (5th Cir. 2000), cert. denied, 531 U.S. 1100 (2001); see also United States v. Meshack, 244 F.3d 367, 368 (5th Cir.)(amending original opinion), cert. denied, 122 S. Ct. 142 (2001).

AFFIRMED.